UNITED STATES *v.* M. V. JENKINS ET AL.

No. 7730.—

Entry Nos. 683–K, etc.; 680–E, etc.

(Decided on remand [Abstract 51305] August 12, 1949)

*David N. Edelstein,* Assistant Attorney General (*Richard H. Welsh,* special attorney), for the plaintiff.

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the defendants.

CLINE, Judge: The merchandise in the cases listed in schedule "A," hereto attached and made a part hereof, was originally reappraised by this court on the basis of foreign value. *United States* v. *M. V. Jenkins et al.,* 13 Cust. Ct. 345, Reap. Dec. 6040. That decision was affirmed by the appellate division. *M. V. Jenkins et al.* v. *United States,* 14 Cust. Ct. 393, Reap. Dec. 6131. An appeal was taken to the Court of Customs and Patent Appeals which found that since neither the trial court nor the appellate division actually determined the usual wholesale quantities in which each of the articles was freely offered for sale to all purchasers in the principal markets of Canada for home consumption, it could not determine whether there was any substantial evidence of record to support the judgment of the appellate division. Accordingly, it reversed that decision and remanded the case to the appellate division with instructions to remand it to the trial court to find the usual wholesale quantities and the prices at which the articles were freely offered for sale in such usual wholesale quantities for home consumption. *M. V. Jenkins et al.* v. *United States,* 34 C. C. P. A. 33, C. A. D. 341.

When the case came before me on remand, I held that no foreign value could be found on the evidence presented; that no export value existed, and that there was no evidence in the record as to United States value or cost of production. Therefore, the case was restored to the calendar so that proof might be offered to enable the court to make the findings required by the Court of Customs and Patent Appeals. *United States* v. *M. V. Jenkins et al.,* 21 Cust. Ct. 288, Reap. Dec. 7615.

At a subsequent date the cases were submitted on the following stipulation of counsel for the parties hereto:

IT IS HEREBY STIPULATED AND AGREED subject to the approval of the Court, in regard to the merchandise covered by these appeals (with the exception of merchandise described as Firebrick Special Vacuum Checkers, 9 x 4½ x 3 inches, Appeal 135556–A) that:

I. The "Cost of Production" as defined in Section 402, for such or similar merchandise was as follows during the periods of time mentioned below:

| | 2/1/39 to 1/31/40 | 2/1/40 to 1/31/41 | 2/1/41 to 1/31/42 |
|---|---|---|---|
| 1. Cost of Materials of and of Fabrication, manipulation or other processes employed in manufacturing or producing such and similar merchandise | $20. 00 | $20. 00 | $23. 00 |
| 2. Usual general expenses | 11. 00 | 11. 05 | 11. 80 |
| 3. Cost of all containers and coverings and all charges and expenses incident to placing the particular merchandise under consideration in condition, packed, ready for shipment to the United States | None | None | None |
| 4. Addition for the profit ordinarily added | 21. 70 | 21. 74 | 24. 36 |
| Total | $52. 70 | $52. 79 | $59. 16 |

II. That the above amounts represent "Cost of Production" only for the merchandise described in the invoices as "Squares" or as "Firebrick Squares". And that the amount of Cost of Production for the remaining articles are these amounts plus the following additions:

Side Arch #1 and #2 ⎫
Splits 1¼'', 1½'' and 2'' ⎬ Plus $1.00
Soaps ⎪
End Wedges #1 and #2 ⎭
Tongue and Groove    Plus $2.50
Splits, 1''    Plus $2.75
Necks, #3 ⎫ Plus $6.50
End Skews ⎭
Firebrick, 9'' x 6'' x 2½'' ⎫ Plus $22.50
or Small X-Block ⎭

III. That the above amounts represent Cost of Production in Canadian dollars per 1,000 pieces.

IV. That neither a foreign value, export value, or U. S. value, as defined in Section 402, existed for such or similar merchandise. And that upon this stipulation the appeal may be deemed submitted.

The merchandise excepted from the stipulation (Firebrick Special Vacuum Checkers, 9 x 4½ x 3 inches, appeal 135556–A) was reappraised when the cases were originally before me, at $56 (United States currency) per 1,000 pieces in accordance with an oral stipulation of counsel and was not involved in the subsequent proceedings.

On the agreed facts I find:

1. That the merchandise consists of firebrick products exported from Canada between December 29, 1939, and April 21, 1941.

2. That there is no foreign, export, or United States value for such or similar merchandise.

3. That the cost of production as that value is defined in section 402 (f) of the Tariff Act of 1930 is the proper basis for the determination of the value of the merchandise here involved.

4. That the cost of production of the various items in Canadian currency per 1,000 pieces during the periods of time mentioned below is as follows:

| Description | 2/1/39 to 1/31/40 | 2/1/40 to 1/31/41 | 2/1/41 to 1/31/42 |
|---|---|---|---|
| Squares | $52. 70 | $52. 79 | $59. 16 |
| Side Arch #1 and #2 | 53. 70 | 53. 79 | 60. 16 |
| Splits 1¼'', 1½'' and 2'' | 53. 70 | 53. 79 | 60. 16 |
| Soaps | 53. 70 | 53. 79 | 60. 16 |
| End Wedges #1 and #2 | 53. 70 | 53. 79 | 60. 16 |
| Tongue and Groove | 55. 20 | 55. 29 | 61. 66 |
| Splits, 1'' | 55. 45 | 55. 54 | 61. 91 |
| Necks, #3 | 59. 20 | 59. 29 | 65. 66 |
| End Skews | 59. 20 | 59. 29 | 65. 66 |
| Firebrick, 9'' x 6'' x 2½'' or Small X-Block | 75. 20 | 75. 29 | 81. 66 |

I conclude as a matter of law, that the value of the merchandise is as set forth in paragraph 4 of the findings of fact. Judgment will be rendered accordingly.