UNITED STATES *v.* M. V. JENKINS ET AL.

No. 7774.—

Entry No. 683–K, etc.; 680–E, etc.

(Decided on rehearing [Reap. Dec. 7730] January 18, 1950)

*David N. Edelstein,* Assistant Attorney General (*Daniel I. Auster,* special attorney), for the plaintiff.
*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the defendants.

CLINE, Judge: The cases listed in schedule "A," hereto attached and made a part hereof, are appeals for reappraisement of firebrick imported from Canada. When they were originally before me, I held that the proper basis for reappraisement was foreign value; that the principal market for such merchandise was Vancouver, B. C.; that the manufacturer's prices to dealers were controlled, but that the dealers freely resold the merchandise to all purchasers in the ordinary course of trade; that their prices established foreign value and that the prices claimed by the plaintiff represented foreign value. *United States* v. *M. V. Jenkins et al.,* 13 Cust. Ct. 345, Reap. Dec. 6040. This decision was affirmed by the appellate division. *M. V. Jenkins et al.* v. *United States,* 14 Cust. Ct. 393, Reap. Dec. 6131. An appeal was taken to the Court of Customs and Patent Appeals which found that since neither the trial court nor the appellate division actually determined the usual wholesale quantities in which each of the articles was freely offered for sale to all purchasers in the principal markets of Canada for home consumption, it could not determine whether there was any substantial evidence of record to support the judgment of the appellate division. Accordingly, it reversed that decision and remanded the case to the appellate division with instructions to remand it to the trial court to find the usual wholesale quantities and the prices at which the articles were freely offered for sale in such usual wholesale quantities for home consumption. *M. V. Jenkins et al* v. *United States,* 34 C. C. P. A. 33, C. A. D. 341.

When the case came before me on remand, I held that no foreign value could be found on the evidence presented, that no export value existed, and that there was no evidence in the record as to United States value or cost of production. Therefore, the case was restored to the calendar so that proof might be offered to enable the court to make the findings required by the Court of Customs and Patent Appeals. *United States* v. *M. V. Jenkins et al.,* 21 Cust. Ct. 288, Reap. Dec. 7615.

Thereafter, the cases were submitted on the following stipulation of counsel for the parties hereto:

IT IS HEREBY STIPULATED AND AGREED subject to the approval of the Court, in regard to the merchandise covered by these appeals (with the exception of merchandise described as Firebrick Special Vacuum Checkers, 9 x 4½ x 3 inches, Appeal 135556–A) that:

I. The "Cost of Production" as defined in Section 402, for such or similar merchandise was as follows during the periods of time mentioned below:

| | 2/1/39 to 1/31/40 | 2/1/40 to 1/31/41 | 2/1/41 to 1/31/42 |
|---|---|---|---|
| 1. Cost of materials of and of fabrication, manipulation or other processes employed in manufacturing or producing such and similar merchandise | $20.00 | $20.00 | $23.00 |
| 2. Usual general expenses | 11.00 | 11.05 | 11.80 |
| 3. Cost of all containers and coverings and all charges and expenses incident to placing the particular merchandise under consideration in condition, packed, ready for shipment to the United States | None | None | None |
| 4. Addition for the profit ordinarily added | 21.70 | 21.74 | 24.36 |
| TOTAL | $52.70 | $52.79 | $59.16 |

II. That the above amounts represent "Cost of Production" only for the merchandise described in the invoices as "Squares" or as "Firebrick Squares". And that the amount of Cost of Production for the remaining articles are these amounts plus the following additions:

Side Arch #1 and #2 ⎫
Splits 1¼", 1½" and 2" ⎬ Plus $1.00
Soaps ⎪
End Wedges #1 and #2 ⎭

Tongue & Groove ........... Plus $2.50
Splits, 1" ........... Plus $2.75

Necks, #3 ⎫ Plus $6.50
End Skews ⎭

Firebrick, 9" x 6" x 2½" ⎫ Plus $22.50
or Small X-Block ⎭

III. That the above amounts represent Cost of Production in Canadian dollars per 1,000 pieces.

IV. That neither a foreign value, export value, or U. S. value, as defined in Section 402, existed for such or similar merchandise. And that upon this stipulation the appeal may be deemed submitted.

On the agreed facts, I found that there was no foreign, export, or United States value for such or similar merchandise; that the cost of production as that value is defined in section 402 (f) of the Tariff Act of 1930 was the proper basis for the determination of the value of the merchandise; that such values were the values set forth in the stipulation. *United States* v. *M. V. Jenkins et al.*, 23 Cust. Ct. 266, Reap. Dec. 7730.

Subsequently, upon motion of the plaintiff herein, no opposition having been made by the defendants, it was ordered that the decision and judgment be vacated and set aside; that the case be restored to the calendar for the purpose of striking paragraph IV from the stipulation above quoted; and that in lieu thereof the said stipulation provide as follows:

IV. That neither an export nor United States value, as defined in Section 402, existed for such or similar merchandise, and that upon this stipulation the appeal may be deemed submitted.

It was further ordered that the case be considered as resubmitted upon the record and exhibits as heretofore made, together with the stipulation as modified. *United States* v. *M. V. Jenkins et al* 23 Cust. Ct. 286, Reap. Dec. 7743.

The facts in regard to usual wholesale quantities and the prices of the various items in the home market are set forth in a previous order of this court, *United States* v. *M. V. Jenkins et al.*, 21 Cust Ct. 288, Reap. Dec. 7615. At that time, I held that no foreign value could be found since the merchandise was not sold or offered for sale in the usual wholesale quantities at uniform prices. No further evidence on this point has been submitted.

Plaintiff claims that where merchandise is sold or offered for sale in the usual wholesale quantities at varying prices, the duitable value should be found upon the basis of the price at which a major portion of the sales are made. However, the statute provides that the foreign value shall be the price at which such or similar merchandise is freely offered for sale for home consumption to all purchasers, and it has been held that there cannot be more than one wholesale market value. *United States* v. *M. Minkus*, 21 C. C. P. A. 382, T. D. 46912, and cases there cited.

In the instant case, the merchandise was freely offered at varying prices. Some of the variations appear to be due to the bargaining ability of the purchaser, but many are unexplained. It is impossible to find any one price at which all purchasers could by. In *United States* v. *Mexican Products Co.*, 28 C. C. P. A. 80, C. A. D. 129, the merchandise was sold at varying discounts depending upon the status of the purchaser or his bargaining ability. It was held that although the major portion of the sales was made at list prices, less discounts, the merchandise was not freely offered to all purchasers at other than the list prices; therefore, the list prices were held to be the duitable values. In the instant case, even the list prices are not uniform, and therefore cannot be used as a basis for finding foreign value.

Even on the basis of the major portion of the sales, it would not be possible to find a uniform price for all of the items. For instance, in the case of soaps, there were 14 sales of 200 pieces, the usual wholesale quantity. Two were at $61.85, one at $62, one at $63, *four at $64,*

*four at $66*, one at $66.30, and one at $67. In the case of splits, there were 25 sales in quantities of 200 pieces, the usual wholesale quantity. One sale was at $61.85, one at $63, *eight at $64, eight at $66,* two at $66.30, one at $66.90, three at $67, and one at $71.30. There were 11 sales of end wedges in quantities of 1,000 pieces, the usual wholesale quantity. Two were at $62, two at $63, one at $64, two at $65, and four at $66. Four sales out of eleven is not a major portion. Similarly, in the case of side arches, there were nine sales of 200 pieces, one at $61.85, one at $64, four at $65, and three at $66. There is no single price at which a major portion was sold.

On the record herein I find:

1. That the merchandise consists of firebrick products exported from Canada between December 29, 1939, and April 21, 1941.

2. That the usual wholesale quantities in which some of the items are sold are as follows:

| | | | |
|---|---|---|---|
| Squares | 1,000 pieces | Splits | 200 pieces |
| Soaps | 200 " | Side arches | 200 " |
| End wedges | 1,000 " | Small X-blocks | 200 " |

3. That the evidence is insufficient to establish the usual wholesale quantities in which necks, end skews, and tongue and grooves are sold.

4. That there is no uniform price at which the merchandise involved herein is freely offered for sale for home consumption in the usual wholesale quantities in the ordinary course of trade.

5. That there is no foreign, export, or United States value for such or similar merchandise.

6. That the cost of production as that value is defined in section 402 (f) of the Tariff Act of 1930 is the proper basis for the determination of the value of the merchandise here involved.

7. That the cost of production of the various items in Canadian currency per 1,000 pieces during the periods of time mentioned below is as follows:

| Description | 2/1/39 to 1/31/40 | 2/1/40 to 1/31/41 | 2/1/41 to 1/31/42 |
|---|---|---|---|
| Squares | $52.70 | $52.79 | $59.16 |
| Side Arch #1 and #2 | 53.70 | 53.79 | 60.16 |
| Splits, 1¼", 1½", and 2" | 53.70 | 53.79 | 60.16 |
| Soaps | 53.70 | 53.79 | 60.16 |
| End Wedges #1 and #2 | 53.70 | 53.79 | 60.16 |
| Tongue and Groove | 55.20 | 55.29 | 61.66 |
| Splits, 1" | 55.45 | 55.54 | 61.91 |
| Necks, #3 | 59.20 | 59.29 | 65.66 |
| End Skews | 59.20 | 59.29 | 65.66 |
| Firebrick, 9" x 6" x 2½" or Small X-Block | 75.20 | 75.29 | 81.66 |

8. That the dutiable value of the merchandise herein is as set forth in paragraph 7.

Judgment will be rendered accordingly.