Therefore, the judgment of the United States Customs Court is *reversed* and the cause *remanded* for further proceedings consistent with this opinion.

UNITED STATES *v.* M. V. JENKINS ET AL. (No. 4673)[1]

United States Court of Customs and Patent Appeals, January 29, 1952

*David N. Edelstein,* Assistant Attorney General (*Richard F. Weeks,* special attorney, of counsel), for the United States.

*Lawrence, Tuttle & Harper* (*George R. Tuttle* of counsel) for appellees.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Associate Judges

O'CONNELL, Judge, delivered the opinion of the court:

The appeal by the Government in this case was taken from the judgment of the United States Customs Court, First Division, entered pursuant to its decision, 26 Cust. Ct. 468, Reap. Dec. 7924. The subject matter involves the dutiable value of different varieties and quantities of firebrick or refractory products imported from British Columbia, Canada, and sold there at various prices.

The record discloses that the products were made from a rare quality of clay not available to other firebrick manufacturers; that the merchandise was highly desirable and relatively free from competition; and that sellers of the products enjoyed a virtual monopoly.

There has been considerable previous litigation in reaching a final conclusion in this case. The chronology thereof is hereinafter recorded.

The Collector of Customs at the port of Seattle, having jurisdiction over the merchandise, imported at the nearby and respective subports of Sumas and Blaine in the state of Washington, appealed from the appraisal of the entries made there by customs officials on the basis of foreign value provided by section 402 (c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, 19 U. S. C. § 1402.[1] On the appeal for reappraisement, a single judge of

---

[1] Section 1402. VALUE.

(c) Foreign value.—The foreign value of imported merchandise shall be the market value or the price at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale for home consumption to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

the Customs Court found the foreign value of certain of the imported items was higher than the foreign value applied by the appraiser. 13 Cust. Ct. 345, Reap. Dec. 6040. That decision on review by the First Division was affirmed. 14 Cust. Ct. 393, Reap. Dec. 613.

The appeal by the importers taken to this court from the judgment entered pursuant to the decision of the First Division of the Customs Court just described resulted in a reversal and remand of the case by this tribunal to the tribunals of the lower court for the reason that "Neither the trial court nor the appellate division of the Customs Court actually found the usual quantities in which each of the various articles here involved was freely offered for sale to all purchasers in the principal markets of Canada for home consumption." The case was remanded with instructions that the trial court establish appropriate "finding in accordance with law." *M. V. Jenkins et al.* v. *United States*, 34 C. C. P. A. (Customs) 33, C. A. D. 341.

In other words, the judgment of the Customs Court was entered on a basis totally devoid of two of the statutory prerequisites essential to the establishment of dutiable foreign value. Accordingly, when the case, in accordance with the remand, came before the trial judge for a second time, the parties there entered into a stipulation which, among other things, included the cost of production of the various contested items, and, as stated in the court's decision:

On the agreed facts, I found that there was no foreign, export, or United States value for such or similar merchandise; that the cost of production as that value is defined in section 402 (f) of the Tariff Act of 1930 was the proper basis for the determination of the value of the merchandise; that such values were the values set forth in the stipulation. *United States* v. *M. V. Jenkins et al.*, 23 Cust. Ct. 266, Reap. Dec. 7730.

The litigation, however, did not end there. The Government's counsel, stating that through inadvertence he had entered into certain facts of the stipulation hereinbefore described, to the effect that no foreign value for the merchandise was shown to exist, moved to vacate the court's second decision and set aside the judgment entered thereon. The importers having offered no opposition, the motion, was granted and the case was again restored to the trial calendar.

The third time the case came before the same court and the same judge for retrial, the court found the usual wholesale quantities in which six of the involved items were sold; that the evidence submitted was insufficient to establish the usual quantities in which the three remaining items of the imported merchandise were sold; and upon the record presented further found:

4. That there is no uniform price at which the merchandise involved herein is freely offered for sale for home consumption in the usual wholesale quantities in the ordinary course of trade.

5. That there is no foreign, export, or United States value for such or similar merchandise.

6. That the cost of production as that value is defined in section 402 (f) of the Tariff Act of 1930 is the proper basis for the determination of the value of the merchandise here involved.

Upon the basis of the findings just described the trial court held the cost of production of the various imported items per 1,000 pieces in Canadian currency during the periods of time when the entries here were made was the proper dutiable value with which the importations were to be assessed. *United States* v. *M. V. Jenkins et al.*, 24 Cust. Ct. 517, Reap. Dec. 7774. On appeal to the First Division, the foregoing decision of the trial court was in all respects affirmed, 26 Cust. Ct. 468, Reap. Dec. 7924, and the Government has taken this appeal.

We have here one of those cases in which it was the collector who appealed for the reappraisement and thus the United States became the plaintiff. The Government therefore had the burden not only of overcoming the presumption of correctness attaching to the appraiser's valuation, but also of proving the correct dutiable value of the involved merchandise. *United States* v. *Malhame & Co.*, 19 C. C. P. A. (Customs) 164, T. D. 45276; *Harry Garbey* v. *United States*, 24 C. C. P. A. (Customs) 48, T. D. 48332.

Substantial evidence of record sustains the respective findings of fact submitted here and described in the concurrent decisions of the trial court and the appellate jurisdiction of the First Division of the Customs Court. Furthermore, doubt or disagreement is nowise entertained here with respect to the validity of the complex points of law passed upon and decided by the respective tribunals of the Customs Court.

The principal contention advanced here by counsel for the Government, and for the first time throughout the litigation, is that the respective courts hereinbefore described, having held that foreign value, had it been established, was a proper basis for the appraisement, that basis, under the doctrine of res judicata, "became the law of the case when the cause went back to the Customs Court" and, consequently, "The lower court exceeded its jurisdiction in holding that cost of production is the proper basis," citing *Joseph Fischer* v. *United States*, 38 C. C. P. A. (Customs) 143, C. A. D. 452. The pertinent law of that case is defined in the syllabus to the effect that:

A plea of prior judgment in a court proceeding between the same parties raising the same issue, for the same purpose, regarding the same subject matter, is a bar to further litigation. And this is true not only as to every matter offered or received in the prior case, but as to any other admissible matter pertaining to the issue therein raised which, with reasonable diligence, might have been presented therein.

When the previous appeal in this litigation was presented to the court we then explained, among other things, that:

* * * the controversy here is limited to *the proper amount of the statutory value of the merchandise and whether any foreign value for it was shown to exist.* [Italics supplied here for emphasis.]

More directly in point on the applicability of the principle of res judicata to the situation presented here by the record are the following excerpts also quoted from our previous decision:

Appellants (importers) contend further that the dealers in Vancouver did not freely offer the merchandise for sale in the usual wholesale quantities at a uniform price and for that reason the foreign value of the merchandise was improperly reappraised by the appellate division. * * *

\* \* \* \* \* \* \*

Owing to the fact that there has been no finding of the usual wholesale quantities and the prices at which the various articles here involved were freely offered for sale in usual quantities for consumption in Canada, we find it necessary to reverse the judgment of the appellate division of the Customs Court and remand the case to it with instructions that it in turn remand the case to the trial court for findings in accordance with law.

The doctrine promulgated by this court in the case of *Joseph Fischer* v. *United States, supra,* is not applicable to the factual situation presented in the instant case for various controlling reasons, one of which has been thus acknowledged in the brief for the Government:

* * * In the *Fischer* case the importer failed to present its point in the first instance. *In the case at bar the importer made an alternative claim that no foreign value could exist in the absence of proof of a uniform price to all purchasers.* But, while holding this contention in abeyance, the importer actually contended that there was a foreign value and that foreign value was the proper basis for appraisement. All the courts so held. Now the importer shifts its ground. * * * [Italics added here for emphasis.]

The assertions relied upon in the latter part of the statement quoted from the Government's brief are not supported by the record nor the following acknowledgment recorded in the initial opinion of the Customs Court officially reported with respect to the suit No. 4517, 13 Cust. Ct. 345, 358, Reap. Dec. 6040:

Counsel for the defendants [appellees here] urges also that no examination of the exhibits shows that no uniform prices for the various articles exist in Vancouver, and, therefore, that the plaintiff failed to meet its burden of establishing the price at which the merchandise was freely offered for sale to all purchasers in that market in accordance with the provisions of section 402 (c) of the Tariff Act of 1930. * * *

For the reasons hereinbefore stated, the judgment of the United States Customs Court is *affirmed.*